UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED BY _PG_ D.C.

MAY 05 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

JONATHAN MULLANE,   Docket No. 1:20-CV-21339-KMM

*Plaintiff*,

v.

FEDERICO A. MORENO,
ALISON W. LEHR,
BENJAMIN G. GREENBERG,
and LISA T. ROBERTS,
in their individual and official capacities,

*Defendants*.
_____/

**PLAINTIFF'S VERIFIED OMNIBUS MOTION FOR RECUSAL AND
FOR REASSIGNMENT TO AN OUT-OF-DISTRICT JUDGE,
AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW Plaintiff Jonathan Mullane (hereinafter, "Plaintiff") in the above-captioned cause, and hereby respectfully requests that the United States District Judge to whom this matter is presently assigned recuse himself pursuant to, *inter alia*: 28 U.S.C. § 455(a); 28 U.S.C. § 455(b)(1); 28 U.S.C. § 144; and Canon 2A of the Code of Conduct for United States Judges.

In support hereof, Plaintiff relies on the premises set forth in his incorporated Memorandum of Law, *infra*:

## PROCEDURAL HISTORY

1. This matter comes before the Court upon Plaintiff's Verified Complaint asserting causes of action against Defendant **FEDERICO A. MORENO** (hereinafter, "Moreno"), Defendant **BENJAMIN G. GREENBERG** (hereinafter, "Greenberg"), Defendant **ALISON W. LEHR** (hereinafter, "Lehr"), and Defendant **LISA T. ROBERTS** (hereinafter, "Roberts") (collectively, "Defendants"). See generally ECF 1.

2. On March 27, 2020, the instant action was assigned to this Court [ECF 2], being a colleague of Defendant Moreno. In circumstances such as these, it typically would be specially assigned to a judge from *outside* the Southern District of Florida—which accordingly had reasonably been anticipated.

3. After the undersigned—who is currently unemployed as a direct result of Defendants' conduct as set forth in the Verified Complaint [ECF 1]—reasonably requested the appointment of counsel under the auspices of the Court's Volunteer Attorney Program, the Court denied the said motion via Paperless Order dated April 30, 2020. See ECF 16.

4. Therein, the Court gratuitously referred to his colleague Defendant Moreno as "the Honorable Federico A. Moreno[.]" Id.

5. Purportedly in support of its ruling denying Plaintiff's timely motion for the appointment of counsel [ECF 16], this Court erroneously relied upon and cited in support thereof Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). However, as clearly set forth in that binding precedent, the Eleventh Circuit had in fact **reversed** the District Court's denial of the *pro se* litigant's request for the appointment of counsel. Id.

6. On April 7, 2020, the undersigned submitted a motion seeking leave to file electronically via the CM/ECF platform. ECF 9.

7. The said motion is particularly appropriate and relevant in the case at bar—particularly given the extremely-limited resources of the Clerk of Court's office due to the ongoing pandemic.

8. Indeed, the limited resources of the Clerk of Court's Office have unfortunately already resulted in, *inter alia*, certain pages being omitted from the scan of the operative complaint, and numerous other filings that have been erroneously entered and docketed on Plaintiff's behalf. **See, e.g., ECF 8, 10, 13, 15, 17.**

9. As of the time of writing, the Court has not entered any allowance of Plaintiff's motion for leave to file electronically [ECF 9].

## STANDARD OF REVIEW

Two federal statutes, 28 U.S.C. §§ 455 and 144, govern recusal, and courts must construe them *in pari materia*. Ray v. Equifax Information Servs. LLC, 327 F. App'x 819, 824 (11th Cir. 2009).

The Code of Conduct for United States Judges, Vol. 2A, Ch. 2, Canon 2 ("Judge Should Avoid Impropriety and the Appearance of Impropriety in all Activities") provides, in pertinent part:

> A. Respect for Law. A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and **impartiality of the judiciary.**
>
> B. Outside Influence. **A judge should not allow family, social, political, financial, or other relationships to influence judicial conduct or judgment. A**

> judge should neither lend the prestige of the judicial office to advance the private interests of the judge or others nor convey or **permit others to convey the impression that they are in a special position to influence the judge. A judge should not testify voluntarily as a character witness.**

The Commentary to Canon 2A of the same sets forth the following:

> Canon 2A. An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired. Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges, including harassment and other inappropriate workplace behavior. **A judge must avoid all impropriety and *appearance* of impropriety. This prohibition applies to both professional and personal conduct. A judge must expect to be the subject of constant public scrutiny and accept freely and willingly restrictions that might be viewed as burdensome by the ordinary citizen. Because it is not practicable to list all prohibited acts, the prohibition is necessarily cast in general terms that extend to conduct by judges that is harmful although not specifically mentioned in the Code.** Actual improprieties under this standard include violations of law, court rules, or other specific provisions of this Code.

## ANALYSIS

### I. AS A MATTER OF LAW, RECUSAL IS REQUIRED IN THE CASE AT BAR.

Pursuant to the plain language of 28 U.S.C. § 455(a), a judge shall recuse himself "whenever 'impartiality **might** reasonably be questioned.'" (Emphasis supplied) Liteky v. United States, 510 U.S. 540, 548 (1994) (citations omitted); Thomas v. Tenneco Packaging Co., 293 F.3d 1306, 1329 (11th Cir. 2002). In Liteky, *supra*, the Supreme Court clarified that "what matters is not the reality of bias or prejudice but its **appearance**." (Emphasis supplied) ibid.

Whether the Court is actually partial is *not* the applicable test. Instead, recusal is mandatory whenever "'an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality.'" United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003) (quoting Parker v.

Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988)). Moreover, because the purpose of the statute is to ensure public confidence in the judiciary, "**any doubts *must* be resolved in favor of recusal.**" (Emphasis supplied) Patti, *supra*, at 1321; see also United States v. Kelly, 888 F.2d 732, 745 (11th Cir. 1989) (same); United States v. Alabama, 828 F.2d 1532, 1540 (11th Cir. 1987) (same); In re Boston's Children First, 244 F.3d 164, 167 (1st Cir. 2001), as amended on denial of reh'g and reh'g *en banc* (Mar. 2, 2001) ("'[I]f the question of whether § 455(a) requires disqualification is a close one, the balance tips in favor of recusal'") (citations omitted).

As this Court is certainly aware, one named Defendant herein, *viz.* Defendant Moreno, is a fellow colleague of the Court himself. Indeed, he currently serves as a United States District Judge in the Southern District of Florida—*i.e.*, the same District in which the Court is employed, and, in fact, even in the same building wherein the Court is employed. Making matters worse, the said Defendant Moreno previously held the position of Chief Judge of this District. This matter, which was previously filed in the District of Massachusetts, has subsequently been re-filed in this District for reasons pertaining to personal jurisdiction and venue.

It is respectfully submitted that, to any objective onlooker, the fact that *any* judge of this District is currently presiding over a civil action against a fellow colleague is obviously cause for concern. Of course, it raises numerous questions vis-à-vis the Court's ability, *vel non*, to **appear** to be impartial in the case at bar. To be clear, in no way should the foregoing be construed as questioning or judging the objectivity of the Court himself, or the Court's ethics and/or professionalism within the meaning of the Code of Conduct for United States Judges. Indeed, the undersigned doubts that he himself would be able to remain objective and impartial in judging the misconduct of a fellow colleague—and certainly would never wish to be placed in such an

uncomfortable position. Naturally, the Court's present task of presiding over this action should be viewed as an unenviable one for any individual in the Court's present position.

What is more, the Court has now assumed all of the administrative supervisory duties of the former Chief Judge of this Court, to wit, Defendant Moreno. Indeed, the Court's chambers in Room 13-1 of the courthouse are situated in close proximity to Defendant Moreno's chambers in Room 13-3. While the undersigned is unable to speculate, any "reasonable person" would objectively deem it implausible that the Court: would have no communication whatsoever with Defendant Moreno regarding this case; would not have any professional and/or social relationship with Defendant Moreno; would not be personally familiar with Defendant Moreno's character (*i.e.*, things which are not of record, and not presently in evidence); would not already be familiar with Defendant Moreno's reputation in the community, and within the courthouse itself; would not already be familiar with any number of facts relating to this action which are not of record; and would not be personally familiar with the internal personnel and practices of the United States Attorney's Office, *i.e.*, where the Court was previously employed. Unfortunately, the Court's aforementioned use of honorifics [ECF 16], describing Defendant Moreno as "the Honorable Federico A. Moreno," as opposed to his proper appellation in this matter (*i.e.*, "Defendant Moreno"), unfortunately does not assuage any of the above-mentioned reasonable concerns vis-à-vis the appearance of impartiality.

In addition to the foregoing, Defendant Greenberg previously served as acting United States District Attorney for the Southern District of Florida, while Defendant Lehr currently remains employed as an Assistant United States Attorney (hereinafter, "AUSA") in this District. As Defendant Moreno himself explained during the subject April 10, 2018 hearing, federal

6

prosecutors such as Defendants Greenberg and Lehr enjoy unusually close relationships with judges in the Southern District of Florida, and are regularly invited into chambers for a litany of *ex parte* requests and discussions. See, e.g., ECF 1, p. 67.

Of course, these facts alone certainly do not evidence any *actual* impropriety and/or an *actual* lack of impartiality or objectivity resulting from the close professional relationship between this Court and prosecutors in the employ of the United States Attorney's Office. However, the Eleventh Circuit has consistently held that, in circumstances such as those present in the case at bar, "any doubts **must** be resolved in favor of recusal." (Emphasis supplied) United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003).

Moreover, the allowance of the instant motion would judiciously avoid even the appearance of any and all impropriety—something which will be important and appropriate in the final determination and adjudication of the instant matter. Simply stated, Defendants' serious misconduct as set forth in the operative complaint, the gravity of the numerous ethical concerns presented herein, and Defendants' abuse of authority in their capacity as federal employees are collectively already concerning on their own. Because the Parties herein will undoubtedly be best served by an impartial and objective trier of fact, and one who is able to avoid the **appearance** of partiality, the Court must err on the side of caution by judiciously recusing himself from the instant matter.

## II. WITH A VIEW TO AVOID ANY APPEARANCE OF IMPROPRIETY, THIS MATTER SHOULD BE REASSIGNED TO AN OUT-OF-DISTRICT JUDGE.

"The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 865 (1988). In the Eleventh Circuit, "the test for determining whether a judge's impartiality might reasonably be questioned is an objective one and requires asking **whether a disinterested observer fully informed of the facts would entertain a significant doubt as to the judge's impartiality**." Bivens Gardens Office Bldg., Inc. v. Barnett Banks of Fla., 140 F.3d 898, 912 (11th Cir. 1998) (citing Diversified Numismatics, Inc. v. City of Orlando, 949 F.2d 382, 385 (11th Cir. 1991)).

Defendant Moreno previously served as the Chief Judge of the Southern District of Florida—a supervisory position over all Article III judges in this District. Moreover, Defendant Moreno presently *continues* to be employed in this District, and is now under the direct administrative supervision of the Court himself as the current Chief Judge. Accordingly, in the interests of justice, and also as a matter of fundamental fairness, the instant action should be reassigned to a different judge from outside the Southern District of Florida. See, e.g., Rodriguez v. Copenhaver, 823 F.3d 1238, 1240 (9th Cir. 2016) (Chief District Judge Edward B. Davis' **recusal of *all* of the district judges in the Southern District of Florida from the defendant's case because the alleged victim of the home robbery was a fellow judge of the district court in the Southern District of Florida**).

## CONCLUSION

**WHEREFORE,** on the above-mentioned premises and in the interests of justice, Plaintiff prays that this Honorable Court grant the relief requested herein, *ante*, and:

(i) Recuse himself from this action pursuant to, *inter alia*: 28 U.S.C. § 455(a), 28 U.S.C. § 455(b)(1), 28 U.S.C. § 144, and Canon 2A of the Code of Conduct for United States Judges;

(ii) Reassign this matter to an appropriate and independent out-of-district judge in a manner consistent with Judge Davis' initial remedial actions in Rodriguez v. Copenhaver, 823 F.3d 1238, 1240 (9th Cir. 2016), or

(iii) request that the Chief Judge of the Eleventh Circuit appoint an appropriate and independent out-of-district judge; and

(iv) Grant any other additional relief this Court may deem just and proper.

At Cambridge, Massachusetts,
This 4th Day of April, 2020

Respectfully submitted,

/s/ Jonathan Mullane
JONATHAN MULLANE
Plaintiff *pro se*
30 Donnell Street
Cambridge, MA 02138
Tel.: (617) 800-6925
j.mullane@icloud.com

## VERIFICATION

I, JONATHAN MULLANE, do hereby declare under the pains and penalty of perjury of the laws of the United States of America that the facts as stated in the foregoing filing are true and correct to the best of my knowledge. Pursuant to 28 U.S.C. § 1746, any affidavit requirement for this filing is hereby satisfied.

/s/ Jonathan Mullane
JONATHAN MULLANE

9

## L.R. 7.1(a)(3) CERTIFICATION

In accordance with L.R. 7.1(a)(3), the undersigned hereby certifies that he attempted to confer with each Defendant herein in good faith via electronic correspondence on May 1, 2020 in connection with the instant filing. Defendants have failed to respond to the said electronic correspondence as of the time of writing.

/s/ Jonathan Mullane
JONATHAN MULLANE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 4, 2020 he served a true copy of the foregoing filing to each Party herein via electronic correspondence and also via first class mail, postage prepaid, addressed as specified below:

Benjamin G. Greenberg
Greenberg Traurig LLP
333 SE 2nd Avenue
Miami, FL 33131-2176
greenbergb@gtlaw.com

Alison W. Lehr
U.S. Attorney's Office
99 NE 4th Street
Miami, FL 33132-2131
Alison.lehr@usdoj.gov

Federico A. Moreno
400 North Miami Avenue
Room 13-3
Miami, FL 33128
Federico_a_moreno@flsd.uscourts.gov

Lisa T. Roberts
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, FL 33131-4901
robertsl@sec.gov

/s/ Jonathan Mullane
JONATHAN MULLANE

Align top of FedEx Express® shipping label here.

```
ORIGIN ID:DUTA  (617) 800-6925         SHIP DATE: 04MAY20
JONATHAN MULLANE                       ACTWGT: 0.15 LB
                                       CAD: 6990621/SSF02110
30 DONNELL ST

CAMBRIDGE, MA 02138                    BILL THIRD PARTY
UNITED STATES US
```

TO **CLERK'S OFFICE**
**SOUTHERN DISTRICT OF FL**
**400 N MIAMI AVE**
**8TH FLOOR**
**MIAMI FL 33128**
(561) 379-5556      REF:



FedEx Express

REL# 3765346

TUE - 05 MAY 10:30A
TRK# 3925 0280 1688   PRIORITY OVERNIGHT

**XH MPBA**              33128
                     FL-US   MIA