UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JONATHAN MULLANE,

        *Plaintiff*,

v.

FEDERICO A. MORENO,
ALISON W. LEHR, and
BENJAMIN G. GREENBERG,
in their individual and official capacities,

        *Defendants*.
_____/

Docket No. 1:20-CV-21339-AKK



## PLAINTIFF'S RENEWED MOTION FOR REFERRAL TO THE VOLUNTEER ATTORNEY PROGRAM AND INCORPORATED MEMORANDUM OF LAW

COMES NOW Plaintiff Jonathan Mullane (hereinafter, "Plaintiff") in the above-captioned cause, and respectfully moves this Honorable Court to refer this matter to the Southern District of Florida's Volunteer Attorney Program, and to place this case on the Southern District of Florida's list of available cases for consideration by volunteer attorneys.[1]

In support hereof, Plaintiff would show unto the Court as follows:

1.     On March 27, 2020, the undersigned timely and appropriately moved for the appointment of counsel in this matter [ECF 3]. This motion was unopposed.

---

[1] See generally https://www.flsd.uscourts.gov/How-Request-Volunteer-Attorney-Pro-Bono

2. On April 8, 2020, via Paperless Order, the said unopposed motion was denied by Chief Judge K. Michael Moore without a hearing [ECF 16] prior to recusal.

3. Through the instant motion, Plaintiff hereby respectfully renews his motion for referral to the Southern District of Florida's Volunteer Attorney Program.

4. The Eleventh Circuit has consistently held that, although there is no constitutional right to legal representation in civil cases, in civil actions wherein the facts and legal issues are "novel or complex[,]" the appointment of counsel is warranted. See, e.g., Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Indeed, in Ricks, *supra*, the Eleventh Circuit reversed the District Court's denial of counsel to a *pro se* litigant in a civil action. Ibid.

5. In the case at bar, neither the facts nor the legal issues presented are straightforward. The operative complaint asserts claims pursuant to, *inter alia*: (1) claims under federal common law, *viz.* Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971); and (2) the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1964(a), (c). As evidenced by the relevant Eleventh Circuit jurisprudence, such causes of action are "complex" and are not easily well-pleaded.

6. Perhaps more importantly, the instant action asserts claims against *inter alia* a United States District Judge, to wit, Defendant Federico A. Moreno. As of the time of writing, this Defendant continues to serve as a District Judge in the Southern District of Florida.

7. Due to the prominence and professional title of this particular Defendant, the undersigned has unsurprisingly been unable to retain local counsel in the Southern District of Florida to represent him in this matter—all of whom (understandably) fear retaliation and harm to their own careers and legal practices. Wherefore, referral of this action to the Volunteer

      Attorney Program will help remedy this undesirable and atypical situation, and would serve the interests of justice.

8.   In addition to the foregoing, Plaintiff is presently unemployed as a direct consequence of the unlawful conduct of Defendants herein. Under such circumstances, the relative economic burden of retaining private counsel to prosecute the *bona fide* claims asserted herein is unduly burdensome.

9.   Plaintiff, who is unemployed solely as a result of Defendants' unlawful conduct, is currently deprived of legal representation. At the same time, Defendants herein—all of whom are employed, and therefore have the financial resources to afford private counsel—are all represented in this action by counsel from the United States Attorney's Office ("USAO") through public funding, and at no personal expense to Defendants themselves.[2] Accordingly, it is respectfully submitted that referral to the Southern District of Florida's Volunteer Attorney Program would serve the appearance of justice in this matter.

10.   As of the time of writing, the undersigned has heretofore been unable to submit any filings electronically via CM/ECF. This is problematic because, amongst other ongoing filing issues, numerous filings have unfortunately been erroneously scanned by the Clerk of Court. See generally **ECF 9 and 28**. Indeed, these serious issues are readily confirmed by the

---

[2] 28 C.F.R. 50.15(b) unambiguously provides, in pertinent part: "[legal] [r]epresentation is **not** available to a federal employee whenever[] [t]he conduct with regard to which the employee desires representation **does not reasonably appear to have been performed within the scope of his employment with the federal government** [ . . . . ]" (Emphasis supplied). Taking the averments of the operative complaint as true, none of the alleged acts and omissions of Defendants herein can possibly be construed as being within the "scope of employment" and/or job description of any federal employee. Accordingly, Defendants' taxpayer-funded representation in this matter appears to be improper and prohibited pursuant to 28 C.F.R. 50.15(b). The individually-named Defendants herein have all been appropriately sued in their individual capacities, and no claims have been asserted against the United States or its agencies in this action.

docket sheet in this matter.³ The allowance of the instant motion for referral to the Southern District of Florida's Volunteer Attorney Program would foreseeably help remedy these ongoing filing issues, as local counsel would presumably have access to the CM/ECF platform.

11. As a matter of both procedural and substantive due process, parties must be afforded a full and fair opportunity to be heard by the Court, to petition the judiciary for redress as needed, and to have unfettered access to the courts. As a practical matter, if inaccurate and/or erroneous copies of Plaintiff's filings are being presented to this Court on his behalf—which is unfortunately the case here—the undersigned is consequently and *de facto* being deprived of his constitutional right to be fully and fairly heard by the Court in this action, and to have access to the courts. Not only will referral to the Southern District of Florida's Volunteer Attorney Program help remedy these serious and ongoing filing issues, it will ensure that the undersigned's constitutional rights under the Petition Clause of the First Amendment, *inter alia*, are upheld. Further, it will ensure that Plaintiff is provided with a full and fair opportunity to prosecute all of the *bona fide* causes of action asserted herein, and that the relevant arguments of each side can be appropriately expounded for the Court's consideration.

12. The appointment of counsel will promote judicial economy, and will certainly assist in the timely resolution of the litigation between the Parties hereto.

13. No Defendant will be prejudiced by the relief requested herein.

---

³ The Clerk of Court's Office has advised that, for reasons relating to the ongoing pandemic, it is currently short-staffed and therefore unable to immediately remedy these ongoing issues vis-à-vis scanned paper filings. Further complicating the situation is the fact that many of its employees are not physically in the Miami courthouse, and are working remotely from home due to the pandemic.

## CONCLUSION

**WHEREFORE,** on the above-mentioned premises, Plaintiff prays that this Honorable Court enter an order placing this matter on the Southern District of Florida's list of available cases for consideration by attorneys of the Volunteer Attorney Program.

At Cambridge, Massachusetts,  
This 22nd Day of July, 2020

Respectfully submitted,

/s/ Jonathan Mullane  
JONATHAN MULLANE  
Plaintiff *pro se*  
30 Donnell Street  
Cambridge, MA 02138  
Tel.: (617) 800-6925  
j.mullane@icloud.com

## L.R. 7.1(a)(3) CERTIFICATION

In accordance with L.R. 7.1(a)(3), the undersigned hereby certifies that confer with counsel for Defendants herein in good faith via telephone on July 20, 2020. On July 22, 2020, via electronic correspondence, counsel indicated that he opposes Plaintiff's request for an attorney.

/s/ Jonathan Mullane  
JONATHAN MULLANE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 22, 2020 he served a true copy of the foregoing filing to each Party herein via electronic correspondence addressed as follows: dexter.lee@usdoj.gov.

/s/ Jonathan Mullane  
JONATHAN MULLANE

J. MULLANE
30 DONNELL ST.
CAMBRIDGE, MA 02138

BOSTON MA 021
23 JUL 2020 PM 5 L



CLERK OF COURT
UNITED STATES DISTRICT COURT
400 NORTH MIAMI AVENUE
8TH FLOOR
MIAMI, FL 33128