

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

JONATHAN MULLANE,

   *Plaintiff,*

  v.

UNITED STATES OF AMERICA, ET AL.,

   *Defendants.*

Civ. A. No. 1:20-cv-21339
Hon. Liles C. Burke

### PLAINTIFF'S NOTICE TO THE COURT
### REGARDING THE FILING OF AN AMENDED COMPLAINT
### AND MOTION FOR CLARIFICATION

Plaintiff Jonathan Mullane ("Plaintiff") hereby gives notice of the following:

1. On February 2, 2026, the Court *sua sponte* issued a paperless order in the above-captioned case. *See generally* Doc. 121. Without limitation, the said order contained a requirement that "[a]ny motion to amend shall be filed within 7 days of today's date and Defendant shall have 7 days to file any response." *Id.* The Court explained that the foregoing deadline was being imposed because "Plaintiff has filed an affidavit which appears to precede a forthcoming motion to amend his complaint." *See id.* For the reasons stated below, Plaintiff hereby states upon the record that he is unable to file any amended complaint within the seven-day deadline imposed.

2. It is respectfully submitted that the Court understandably may have misapprehended the nature and purpose of the January 6, 2026 "Affidavit of E. Peter Mullane, Esq. in Support of Plaintiff's Forthcoming Motion to Amend Complaint[.]" *See generally* Doc. 116. No motion to strike the affidavit was filed, nor did Defendants object to it—and for good reason. The parties had properly conferred telephonically beforehand on numerous occasions regarding the important reasons why it has appropriately been filed at this time.

*Mullane v. United States, et al.*

3.      *First*, rather than seeking to amend the factual allegations vis-à-vis Plaintiff's claims, the primary purpose of the affidavit was for the record to reflect the fact that E. Peter Mullane, Esq. ("Attorney Mullane") has recently filed an administrative claim pursuant to the Federal Tort Claims Act ("FTCA") with the United States Department of Justice ("DOJ") in Washington, D.C., and that he intends to prosecute his FTCA claims in this lawsuit. As the Government is aware, Attorney Mullane recently transmitted a copy of his January 6, 2026 affidavit together with a completed Standard Form 95 via certified mail as required for such claims.

4.      Attorney Mullane's FTCA claims are all timely. Without limitation, the Supreme Court of the United States has determined that FTCA claims are subject to equitable tolling. *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015) (statutes of limitations within FTCA are subject to equitable tolling because they have not been expressly tagged by Congress as jurisdictional).

5.      Importantly, numerous binding Eleventh Circuit precedents hold that cases and claims which involve the same underlying "common nucleus of facts" must all be filed and litigated within one single lawsuit. Piecemeal litigation is not permitted due to the risk of conflicting decisions, reasons relating to judicial economy, *etc*. Thus, Attorney Mullane has appropriately advised that he wishes to prosecute *his own* FTCA claims against the United States in the present action.

6.      However, Attorney Mullane's claims are not yet ripe due to the administrative exhaustion requirement and the FTCA's prescribed six-month waiting period, which has not yet expired. For that reason, Plaintiff—who obviously has no objection to filing an amended complaint including Attorney Mullane as a co-plaintiff at the present time—cannot lawfully due so as a procedural matter. Pursuant to the statute, Plaintiff and Attorney Mullane must first wait for the six-month waiting period to run. Therefore, were they to file an amended complaint "within 7 days" as

*Mullane v. United States, et al.*

ordered by the Court [Doc. 116]: (i) the new iteration of the complaint would be subject to immediate dismissal for having been prematurely filed; and (ii) they would be subjecting themselves to sanctions under Fed. R. Civ. P. 11 for improperly asserting claims which they know to be *de jure* barred at the present time (but not six months from now). *Phillips v. United States Postal Serv.*, No. 23-819, 2024 WL 1613897, at *2 (2d Cir. Apr. 15, 2024) (when a FTCA claim is filed prematurely, "before the administrative process has been exhausted[,] the claim should be dismissed, even if it might become ripe at a later date during the pendency of the action"); *cf. D.L. v. Vassilev*, No. 15-15542 (9th Cir. Jun. 5, 2017).

7.      Accordingly, it is respectfully requested that the Court stay the proceedings until Attorney Mullane can assert and file his FTCA claims. District courts have "broad discretion to stay proceedings as incident to [their] power to control [their] own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citation omitted). Indeed, "district courts have inherent, discretionary authority to issue stays in many circumstances." *Advanced Bodycare Sols., LLC v. Thione Intl., Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008). "Federal courts routinely exercise their power to stay a proceeding where a stay would promote judicial economy and efficiency." *Morrissey v. Subaru of Am., Inc.*, No. 1:15-CV-21106-KMM, 2015 WL 4512641, at *2 (S.D. Fla. July 24, 2015) (citation omitted). Although courts must be on guard against depriving the processes of justice, litigants "may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936).

8.      *Second*, notwithstanding the fact that Plaintiff was unlawfully accused of criminal conduct[1]

---

[1]      *Contra, e.g., United States v. Shaygan*, 652 F.3d 1297, 1301-02 (11th Cir. 2011) ("[T]he district court violated the constitutional right to due process of the two lead prosecutors, Cronin and Hoffman, when it denied them notice of any charges of misconduct and an opportunity to be heard."); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Johnston v. Borders*, 36 F.4th 1254, 1272 (11th Cir. 2022) ("[W]e have held

*Mullane v. United States, et al.*

as a false pretext to terminate his DOJ employment (and wrongfully, as further confirmed by the January 6, 2026 affidavit [Doc. 116]) by the Government on April 10, 2018, *i.e.*, nearly eight years ago: (i) no due-process hearing has been provided by either (a) the federal judiciary, which Plaintiff is entitled to since he was publicly accused of misconduct in open court, or (b) by the DOJ, his employer at the time, which also falsely accused Plaintiff of misconduct and terminated his government employment under that pretext (legally speaking, Plaintiff was, and still is, entitled to due-process hearings from both—even convicted murderers are entitled to due process hearing under the Due Process Clause, and regardless of whether or not they are actually guilty of the alleged offense—yet, inexplicably, he has not been afforded either); (ii) the prolonged, unacceptable delay of over eight years and still counting violates *inter alia* the holding of *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) (due process requires an opportunity to be heard at a "*meaningful time* and in a meaningful manner"), and the deaths of multiple fact witnesses while Plaintiff continues to wait for years and years—all of whom obviously would have testified at a timely due-process hearing—explains why the Supreme Court has promulgated a "meaningful time" requirement for due-process hearings. Forcing Plaintiff to wait for almost an entire decade essentially means that, by the time the federal judiciary and DOJ finally get around to scheduling and holding the two long-awaited due-process hearings, all of the fact witnesses will conveniently be dead and/or not available to testify. *Cf.* FRANZ KAFKA, THE TRIAL (Idris Parry trans.,

---

that when an employer publishes a false and stigmatizing statement about an employee in connection with her discharge, due process requires a meaningful opportunity to clear one's name—through what is called a 'name-clearing hearing,' upon request—whether before or after the termination or publication."); *Wisconsin v. Constantineau*, 400 U.S. 433 (1971) (due-process hearing required even for merely accusing someone of being a drunk); *United States v. Robinson*, 83 F.4th 868, 886 (2023) (Rosenbaum, J.) ("After all, a defendant who knows she faces a different theory of prosecution may choose to present different evidence, argument, or both, in her defense. In our view, this principle applies equally in the criminal-contempt context and equally when a judge, rather than a jury, is the factfinder."); *Doe v. U.S. Dep't of Justice*, 753 F.2d 1092, 1106-97 (D.C. Cir. 1985) (discharging a DOJ employee without providing her due process and a hearing is unlawful and actionable).

Schocken Books 1999); Samuel Beckett, *En attendant Godot* (Éditions de Minuit 1952).  Such a situation is squarely violative of the Due Process Clause.[2]

9.      As stated in other filings, Martin Lustgarten, who obviously would have been available and called as a primary fact witness at a timely due-process hearing eight years ago, was recently and mysteriously found dead in Madrid, Spain. Similarly, Attorney Mullane—another fact witness— is now eighty-five years old. He is in failing health, and sustained a traumatic brain injury (TBI) from a hit-and-run incident. In all likelihood, given his age and poor health, Attorney Mullane will not live to see the end of this lawsuit, and naturally will not be available to testify following his death. For the foregoing reasons, Attorney Mullane understandably wished to supplement the record with his own affidavit prior to his death, and to have those statements properly notarized, memorialized in writing, and made part of the record herein.

10.     The above is the second reason why the January 6, 2026 affidavit was filed. Under binding Supreme Court and Eleventh Circuit precedents, Plaintiff has a constitutional right to a "meaningful" opportunity to clear his name, and to do so publicly. The Government cannot reasonably expect Plaintiff to wait until full discovery finally commences and is thereupon completed in this action, at which time Plaintiff will not be able to depose all material fact witnesses who are already dead or unavailable—and that is assuming such discovery will ever even occur, and in several years' time.

11.     Unfortunately, the Eleventh Circuit's opinion inexplicably overlooked—and did not address at all—the "elephant in the room," namely, the issue of Plaintiff's entitlement to a due-process hearing, and his constitutional right to clear his name in an effective manner (*i.e.*, the

---

[2]      Similarly, under the "meaningful manner" requirement, that means allowing for timely discovery and depositions, and proceeding with the litigation in the ordinary course. But that has not happened either—in both the case *sub judice* and also in the companion cases.

*Mullane v. United States, et al.*

second argument conspicuously raised in Plaintiff's Eleventh Circuit appeal brief). Indeed, there is no mention of that anywhere in the panel's opinion. Accordingly, under the Due Process Clause, Plaintiff is entitled to supplement the record with the January 6, 2026 affidavit. To be sure, it is not ideal, but it is better than the alternative (*i.e.*, waiting for Attorney Mullane to die, at which time he will no longer be available to testify, be deposed, or submit an affidavit).

12.     *Third*, currently pending before the Court is Plaintiff's unopposed motion for counsel. *See* Doc. 117. In anticipation of submitting a forthcoming amended complaint once Attorney Mullane's claims are ripe, Plaintiff had timely moved for the appointment of counsel for that important purpose (along with countless others). As noted in other filings, as a *pro se* litigant, for the past eight years, not once has Plaintiff been able to meaningfully vindicate his constitutional rights vis-à-vis the joint and independent actions of the Executive Branch and federal judiciary.[3] For that reason, Plaintiff hereby respectfully requests that the Court first rule upon—and hopefully grant—that timely-submitted motion.

13.     By way of example only, how can Plaintiff *possibly* draft any effective amended complaint setting forth all of the relevant facts and information in the case at bar in view of the fact that the Government has already deliberately spoliated the necessary and relevant evidence (all directly pertaining to the complaint's factual averments) from Plaintiff's electronic cloud account, and has therefore deprived him of any and all access to the evidence he needs to proceed? He obviously

---

[3]     In addition to guaranteeing Plaintiff the absolute right to two due-process hearings—neither of which he has been afforded—the Due Process Clause also guarantees Plaintiff the right to a fair and impartial tribunal and in a neutral and detached forum. This is not it, which is hardly surprising since the lawsuit alleges *inter alia* that a sitting federal judge within the United States federal judiciary engaged in misconduct. And Plaintiff is presently being forced to litigate his claims in the exact same federal court system where that individual still works, and where the lawsuit will be decided by one or more of that judge's fellow colleagues. Respectfully, it strains credulity to believe that Judge Moreno is not personally known to each and every judge in the Eleventh Circuit—of course he is, and in fact, Judge Moreno was recently part of numerous Eleventh Circuit panels, sitting by designation. At a minimum, the above raises serious questions as to whether one or more of Plaintiff's rights under the Due Process Clause are being violated, and whether the instant judicial process can fully comport with those important constitutional safeguards. It is respectfully submitted that it cannot.

*Mullane v. United States, et al.*

cannot do so as a practical matter; he requires all of that pertinent and material electronic data to draft an amended complaint.

14.     Consequently, prior to imposing any deadlines vis-à-vis amended complaints, this Court should first: (1) grant Plaintiff's unopposed motion for counsel [Doc. 117]; and (2) thereupon hold a hearing on the issue of sanctions against Defendant United States (Plaintiff should be represented by counsel at the hearing), at which time the parties can fully brief, and then be heard on, the critical issue of spoliation. Plaintiff should not be faulted—let alone punished for—deliberate spoliation by an adverse party in a civil action which is presently preventing him from effectively drafting an amended complaint. Such a situation is violative of Plaintiff's constitutional rights under both the First Amendment (Petition Clause) and Fifth Amendment (Due Process Clause).

15.     The Court is correct; Plaintiff does indeed intend to submit an amended complaint in this case in light of, without limitation: (i) newly-discovered evidence; (ii) subsequent events relevant to this action; (iii) additional damages incurred, many of which remain ongoing; and (iv) new and additional theories of liability against Defendant United States, which was not one of the original Defendants (on appeal, Plaintiff had unsuccessfully urged the Eleventh Circuit to disallow Westfall Act substitution, and to allow him to pursue *Bivens* claims against individual defendants). But again, Plaintiff obviously needs access to his own electronically-stored evidence (including his laptop computer) in order to do so in a meaningful and effective manner.

WHEREFORE, for the above-referenced reasons, Plaintiff respectfully prays that the Court: (1) stay the proceedings until such time as Attorney Mullane's FTCA claims against Defendant United States may be asserted in this action; (2) grant the unopposed motion for the appointment of counsel [Doc. 117]; (3) hold an evidentiary hearing vis-à-vis the issue of sanctions against Defendant United States; (4) afford Plaintiff thirty days following the Court's order on

*Mullane v. United States, et al.*

sanctions to file an amended complaint, if necessary,[4] and assuming that a default judgment is not

issued against Defendant United States as an appropriate sanction; and (5) clarify whether the

Court wishes for Plaintiff to (i) file an amended complaint at this particular juncture, and to also

file *yet another* amended complaint once again in six months' time which will additionally

incorporate Attorney Mullane's FTCA claims, or alternatively (ii) if the Court prefers that Plaintiff

wait to seek amendment until Attorney Mullane's claims are ripe in six months' time, which would

be Plaintiff's preference.[5, 6]

At Cambridge, Massachusetts,
   This 11th Day of February, 2026.

Respectfully submitted,

/s/ Jonathan Mullane

JONATHAN MULLANE
30 Donnell Street
Cambridge, Massachusetts 02138
Tel. (617) 800-6925

*Plaintiff Pro Se*

---

[4]      To be clear, the record should reflect that Plaintiff respectfully objects to any deadline at all being imposed for amending his complaint because: (1) under multiple binding Eleventh Circuit precedents, leave to amend must be granted "liberally" throughout the proceeding; and (2) plaintiffs in this circuit are permitted to seek amendment at any time throughout the lawsuit—even as late as the time of trial, and even after the trial is already over (there is no time limit). *See* Fed. R. Civ. P. 15(b) ("Amendments *During and After Trial*"). But here, the parties have yet to even commence discovery; thus, the litigation is still at the embryonic stage. To the extent the foregoing objection is overruled by the Court, Plaintiff respectfully requests that he be afforded thirty days within which to amend his complaint.

[5]      Unfortunately, the Government has advised that it objects to any and all settlement discussions or mediation in this matter.

[6]      The record herein should further reflect the fact that: (i) Plaintiff's damages are still ongoing; (ii) Defendants' tortious conduct is still ongoing, and thus Plaintiff will foreseeably be required to continue amending and updating his complaint periodically until such tortious conduct comes to an end; (iii) Plaintiff is *de jure* entitled to amend the complaint in order to *inter alia* seek the appropriate equitable relief against Defendants for such ongoing misconduct, and, under binding Eleventh Circuit precedents, Plaintiff is not permitted to file a new lawsuit each and every time Defendants violate his constitutional rights in connection with the underlying facts of this case (the case law requires that he litigate everything within one single case).

*Mullane v. United States, et al.*

## CERTIFICATE OF CONFERRAL

Pursuant to L.R. 7.1(a)(2), the undersigned hereby certifies that he conferred with counsel for Defendants telephonically on February 5, 2026, who advised that Defendants do not assent to the allowance of the relief requested herein.

/s/ Jonathan Mullane
JONATHAN MULLANE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 11, 2026, he caused to be served a true copy of the foregoing filing on Anthony Erickson-Pogorzelski, Esq., counsel for Defendants, and specifically addressed as follows: Anthony.Pogorzelski@usdoj.gov.

/s/ Jonathan Mullane
JONATHAN MULLANE

