UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-CV-21339-BURKE

**JONATHAN MULLANE**,

    Plaintiff,

vs.

**UNITED STATES OF AMERICA**,

    Defendant.

_____/

### UNITED STATES OF AMERICA'S NOTICE OF FILING PROPOSED BRIEFING SCHEDULE

Defendant, the United States of America, by and through the undersigned Assistant United States Attorney and pursuant to the Court's *ore tenus* order at the February 24, 2026, hearing and the Paperless Minute Entry [DE 133] from that hearing, files this Notice with a proposed briefing schedule.

At the hearing, the Court "ordered the parties to confer and for the Government to submit a proposed detailed scheduling order."  Paperless Minute Entry.[1]  Specifically, the Court requested that the Government submit a proposed briefing schedule that would permit the Court to review the scope of employment certification challenge remanded by the Eleventh Circuit in this case. *Mullane v. Moreno*, No. 21-13468, 2025 WL 1386666, at *1 (11th Cir. May 14, 2025).

Undersigned counsel attempted to confer with the *pro se* Plaintiff, Jonathan Mullane, as explained herein, but has been unable to reach Plaintiff.  On February 26, 2026, the undersigned called Plaintiff at Plaintiff's father's number, which is the only number Plaintiff provided.  There

---

[1] The Paperless Minute Entry gives the Government seven days from the hearing to file the proposed schedule.  During the hearing, undersigned counsel agreed to file the schedule by February 27, 2026, and meets that deadline here.

was no answer and no way to leave a message. Thereafter, the undersigned emailed Plaintiff at Plaintiff's father's email address—again, the only email address Plaintiff provided. As of the filing of this Notice, Plaintiff has not responded. Accordingly, Defendant files this Notice of proposed briefing schedule unilaterally and provides the following procedural background that informs the proposed schedule.

**Procedural Background**

On March 27, 2020, Plaintiff filed the Verified Complaint [DE 1], commencing this action. On July 10, 2020, Plaintiff filed Plaintiff's Motion for Leave to File a First Amended Complaint and Incorporated Memorandum of Law [DE 33]. On July 22, 2020, the Court granted the Motion for Leave [DE 38] and ordered Plaintiff to file the First Amended Complaint as a separate docket entry. There is no indication in the record that Plaintiff ever filed the First Amended Complaint as a separate docket entry. Rather, on August 11, 2020, Plaintiff filed Plaintiff's Stipulated Motion for Leave to File a Second Amended Complaint and Incorporated Memorandum of Law [DE 43]. Plaintiff attached a copy of Plaintiff's [Proposed] Verified Second Amended Complaint [DE 43-1] as an exhibit to the second Motion for Leave. On August 19, 2020, the Court granted Plaintiff's second Motion for Leave and directed the Clerk to file Plaintiff's [Proposed] Verified Second Amended Complaint as a separate docket entry. Plaintiff's [Proposed] Verified Second Amended Complaint appears as a separate docket entry at docket entry 45. Plaintiff's [Proposed] Verified Second Amended Complaint, herein after referred merely as the Second Amended Complaint, is the operative complaint in this case.[2]

---

[2] The Second Amended Complaint is an impermissible shotgun pleading. First, it commits "the mortal sin of re-alleging all preceding counts" into each successive count, "causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). For example, Count XIX "restates and re-avers all of the foregoing paragraphs, and hereby incorporates them by reference as if fully restated herein." Second Amended Complaint ¶263.

In the Second Amended Complaint, Plaintiff names four defendants, Judge Federico A. Moreno, former AUSA Alison W. Lehr, former U.S. Attorney for the Southern District of Florida Benjamin G. Greenberg, and Lisa T. Roberts[3], and an additional 10 unnamed defendants, "Does 1 through 10."  The Second Amended Complaint includes 19 counts: Civil RICO (Count I); Civil RICO conspiracy (Count II); state law civil conspiracy (Count III); slander per se (Count IV); tortious interference with contractual relations (Count V); tortious interference with advantageous business relations (Count VI); tortious interference with prospective advantage (Count VII); intentional infliction of emotional distress (Count VIII); deceit (Count IX); invasion of privacy (Count X); violation of 42 U.S.C. § 1985(3) (Count XI); violation of 42 U.S.C. § 1986 (Count XII); violation of Fourth Amendment (Count XIII); conspiracy to violate constitutional rights (Count XIV); aiding and abetting (Count XV); abuse of process (Count XVI); aiding and abetting libel per se (Count XVII); republication of libel per se (Count XVIII); and breach of fiduciary duty (Count XIX).

All of Plaintiff's claims appear to arise out of, or be related to, Plaintiff's internship with the U.S. Attorney's Office for the Southern District of Florida in the Spring of 2018 and actions Plaintiff took, and the hearing Plaintiff attended, in a personal lawsuit Plaintiff had pending before Judge Moreno during the same time as his internship, *Mullane v. Barclays Bank Delaware, Inc.*, 18cv20596 (S.D. Fla.).  Specifically, on March 23, 2018, while Plaintiff was interning for the U.S. Attorney's Office, Plaintiff entered Judge Moreno's Chambers, outside the

---

Second, the Second Amended Complaint commits the "venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1321-22.  Third, the Complaint commits the "relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Id*.

[3] On June 23, 2020, Plaintiff voluntarily dismissed Lisa T. Robets.  Notice of Voluntary Dismissal Without Prejudice as to Defendant Lisa T. Roberts [DE 32].  Plaintiff, however, re-named Roberts in the Second Amended Complaint.

presence of opposing counsel, and spoke with Judge Moreno's law clerk about Case No. 18cv20596.  Transcript of April 10, 2018, Hearing attached to the Second Amended Complaint as Exhibit D [DE 45] p.61-63.[4]  On April 10, 2018, Judge Moreno held a hearing in Case No. 18cv20596 on the *ex parte* communications.  *Id*.

Plaintiff alleges that the April 10, 2018, hearing, and actions taken by Judge Moreno leading up to the hearing, were all part of a "scheme" on the part of the "Defendants" "to terminate Plaintiff's employment agreements[.]"  *Id*. ¶¶31-43.[5]  Plaintiff alleges various other claims and damages resulting from the April 10, 2018, hearing, and actions he alleges Defendants took thereafter.  Relevant to the analysis presently before the Court, Plaintiff alleges "Defendant Lehr transmitted or deliberately caused to be transmitted … a copy of the non-public transcript [of the April 10, 2018 hearing] to Breaking Media Inc.'s *Above the Law* publication and its Chief Editor Elie Mystal."  *Id*. ¶76.[6]

On October 16, 2020, Defendants filed Defendants' Motion to Dismiss Second Amended Complaint [DE 56] (Motion to Dismiss).  In the Motion to Dismiss, Defendants argued the following:

> All claims against Judge Moreno are barred by the doctrine of absolute judicial immunity. Defendants Greenberg, Lehr, and Roberts enjoy immunity from tort liability in their personal capacities under the Westfall Act, 28 U.S.C. § 2679. As to the constitutional claims against defendants Greenberg, Lehr, and Roberts, all

---

[4] The Transcript was not filed as a separate document attached to the Second Amended Complaint.  It is included in the 109 pages filed as one document: the Second Amended Complaint with exhibits.  Accordingly, the page number identified is the page as filed in the Court record—i.e., page 61 of 109.

[5] Plaintiff alleges his internship constituted an employment agreement.  Second Amended Complaint ¶10.

[6] While plaintiff alleges the transcript was "non-public," all court transcripts are public record unless otherwise ordered by the Court.  Not only was there no order sealing the transcript of the April 10, 2018, hearing, the transcript was placed on the docket, and available for public view, on April 17, 2018 [DE 47].

>three are entitled to qualified immunity. Finally, Mullane fails to state a claim under the civil RICO statute, 42 U.S.C. § 1985(3) and 1986, against Greenberg, Lehr, and Roberts.

Motion to Dismiss p.1-2. Defendants attached the Certification of Scope of Employment [DE 56-2] to the Motion to Dismiss, certifying the scope of employment in this case for defendants Greenberg, Lehr, and Roberts and, therein, substituting the United States for the tort claims previously naming Greenberg, Lehr, and Roberts as defendants. *Id*. p.23-24. Defendants also moved to dismiss all claims against the unnamed defendants. *Id*. p.2.[7]

On November 25, 2020, Plaintiff filed Plaintiff's Omnibus: [1] Opposition to Defendant's Motion to Dismiss; [2] Opposition to the Motion for Westfall Act Substitution; [3] Cross-Motion for Judicial Notice; [4] Cross-Motion for Leave to Amend Count XI of the Complaint; and [5] Cross-Motion for Limited Scope-of-Employment Discovery [DE 61] (Omnibus Opposition). In response to the scope of employment certification and substitution of the United States in place of defendants Greenberg, Lehr, and Roberts, Plaintiff argued that "*ultra vires* defamation claims, such as those of the instant case," are "*intentional* torts" and are not amenable to Westfall Act certification and substitution. Omnibus Opposition p.23-24 (emphasis in original). While Plaintiff did not identify the specific acts pled in the Second Amended Complaint that he alleged were outside the scope of employment, he did generally identify acts he alleged should not be certified as within the scope of employment. *Id*. p.24-26 (listing 13 conclusions (a)-(m) that Plaintiff argues would result if specific acts are certified). Plaintiff specifically identified the following acts he alleges Lehr took that should not be certified as within the scope of employment: "conducting internal investigation;" *id*. p.25 ¶(h)-(j); "conceal[ing] responsive ESI," or Electronically Stored Information; *id*. p.26 ¶(l); and "assault

---

[7] Defendants did not raise the shotgun pleading violations in the Motion to Dismiss.

on Plaintiff's process server;" *id*. p.26 ¶(m).[8]  Plaintiff, however, did not expressly challenge Lehr's certification on the grounds that she was acting outside the scope of employment because she sent media outlets the transcript from the April 10, 2018, hearing.  Moreover, while Plaintiff asked the Court to allow limited discovery on the certification, he did not identify what specific acts he sought to challenge through discovery, much less what discovery he proposed.  *Id*. p.27-28.

On June 29, 2021, the Court issued the Memorandum Opinion [DE 78].  The Memorandum Opinion granted the Motion to Dismiss, affirming the certification of scope of employment.  Specifically, the Memorandum Opinion held that "[w]hen a plaintiff challenges the certification, the Attorney General's certification is prima facie evidence that the employee acted within the scope of his employment, and the plaintiff bears the burden of altering the status quo by proving that the employee acted outside the scope of employment."  Memorandum Opinion p.41 (quotation marks omitted).  Thereafter, the Court addressed the challenges expressly raised by Plaintiff in the Omnibus Opposition.  First, the Court concluded that Plaintiff's "contention that substitution is improper because he alleges … intention torts … is unavailing."  *Id*. p.42.  Next, the Court addressed Plaintiff's contention that "substitution is improper because Lehr, Greenberg, and Roberts slandered and defamed him to serve their own purposes."  *Id*. p.43.  With respect to Lehr, the Court specifically concluded that she "had responsibility for evaluating [Plaintiff's] performance" and "served the agency's interest by reporting concerns about his conduct to the SEC."  *Id*.  Like the Omnibus Opposition, the Memorandum Opinion is silent as to the allegations that Lehr sent the hearing transcript to the media.

---

[8] It is unclear how Plaintiff purports to tie these acts to acts and counts pled in the Second Amended Complaint.

On the same day, June 29, 2021, the Court issued an Order [DE 79] (Order of Dismissal). In the Order of Dismissal, the Court dismissed the following: all claims against Judge Moreno; the RICO claims (Counts I & II); and the § 1985, § 1986, and Bivens claims (Counts XI, XII, XIII, & XIV). Order of Dismissal p.2. The Court also substituted the United States in place of Lehr, Greenberg, and Roberts on the state law claims (Counts III, IV, V, VI, VII, VIII, IX, X, XVI, XVII, XVIII, & XIX), and dismissed Lehr, Greenberg, and Roberts. *Id*.

On July 30, 2021, Plaintiff filed Plaintiff's Notice of Voluntary Dismissal of Claims Against the United States of America Without Prejudice [DE 89], in which Plaintiff dismissed all claims against the United States. The claims against the United States were the only claims remaining in the case at that time. Accordingly, on August 2, 2021, the Court issued an Order [DE 90] (Order Closing Case) dismissing the remaining claims and closing the case.

On August 3, 2021, Plaintiff filed the Memorandum of Law in Support of the Motion for Reconsideration of the June 29, 2021 Memorandum and Order [D.E. 78-79] [DE 92] (Motion for Reconsideration). In the Motion for Reconsideration, Plaintiff argued, for the first time, that the certification is improper because "Defendants … relayed the allegations of criminal conduct to third parties such as … Above the Law." Motion for Reconsideration p.13.[9] This argument, and the law cited in support, is absent from the Omnibus Opposition.

On October 6, 2021, the Court issued the Order [DE 104] (Order Denying Reconsideration) in which the Court denied the Motion for Reconsideration. While the Court did not expressly address Plaintiff's new scope argument (i.e., that certification is improper because Defendants relayed information to Above the Law), in addressing another new argument raised for the first time in the Motion for Reconsideration, the Court explained that because

---

[9] It is unclear what "criminal conduct" Plaintiff is referring to. That said, giving Plaintiff's pleadings and filings a generous reading, it is assumed that Plaintiff is referring to the hearing transcript, as pled in the Second Amended Complaint.

7

Plaintiff "could have raised this issue before the court ruled on the motion to dismiss, it is not a proper basis for a motion to reconsider." Order Denying Reconsideration p.7 (citing *Compania de Elaborados de Café v. Cardinal Capital Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003)).

Plaintiff appealed the Memorandum Opinion, Order of Dismissal, Order Closing Case, and Order Denying Reconsideration [DE 105].  On appeal, the Eleventh Circuit entertained two issues: (1) "whether a federal prosecutor's alleged acts fall within the scope of her employment and thus afford her absolute immunity from common-law tort claims under the Westfall Act;" and (2) "whether a federal judge's act of reporting Mullane's alleged misconduct to his law school is entitled to judicial immunity." *Mullane v. Moreno*, No. 21-13468, 2025 WL 1386666, at *1 (11th Cir. May 14, 2025).  The Eleventh Circuit "affirm[ed] the district court's thorough and well-reasoned forty-four-page decision [the Memorandum Opinion], except as to its analysis of whether AUSA Lehr acted within the scope of her employment during certain incidents alleged by Mullane." *Id*. at *3.  Specifically, the Eleventh Circuit "conclude[d] that the alleged act of sending the press documents pertaining to Mullane's personal civil suit—as pled in the complaint—is outside the scope of Lehr's employment." *Id*. at *6.[10]  This is the only pled act the Eleventh Circuit identified could be outside the scope of employment if sufficiently proven.[11]  The Eleventh Circuit remanded the case only as to Lehr's scope of employment certification and with the specific instruction to "decide, in the first instance, whether the relevant acts alleged by Mullane did *in fact* occur." *Id*. at *9 (emphasis in original).  As the only acts addressed by the

---

[10] The Eleventh Circuit explicitly did not "decide whether [Plaintiff's] allegations" that "AUSA Lehr forwarded, from her personal email address, a copy of the hearing transcript" to the media "are sufficient to state a claim for libel," but nonetheless remanded the case for a scope of employment determination. 2025 WL 1386666 at *6.

[11] The Eleventh Circuit did not address whether the pled act was sufficiently pled or whether this argument was waived by Plaintiff because he failed to raise it in his Omnibus Opposition.

Eleventh Circuit were the allegations that Lehr sent a copy of the hearing transcript to the media, these are the "relevant acts" this Court must now decide the veracity of in the first instance.

The Eleventh Circuit also set forth the following legal standard. A certification of scope of employment "serves as *prima facie* evidence that the conduct at issue occurred within the scope of employment." *Id*. at *1 (emphasis in original) (citing *Omnipol, A.S. v. Multinational Def. Servs., LLC*, 32 F.4th 1298, 1305 (11th Cir. 2022)). If, as is the case here, the plaintiff challenges the certification, "the burden of proving that an employee acted outside the scope of employment is on the plaintiff." *Id*.

The Eleventh Circuit "has not yet established a standard for deciding whether a plaintiff is entitled to discovery to challenge such a certification." *Id*. at *9 n.5 (citing *Omnipol*, 32 F.4th at 1310 (Jordan, J., concurring)). Accordingly, this Court "may have occasion to consider whether and to what extent discovery should be allowed related to the Westfall Act certification of Lehr." *Id*.

At the Status Conference held on February 24, 2026, the Court "ordered the parties to confer and for the Government to submit a proposed detailed scheduling order." Paperless Minute Entry. Defendant files this Notice in compliance with the Court's *ore tenus* order and provides the following proposed briefing schedule.

**Proposed Schedule**

March 20, 2026    Plaintiff will file an Opposition to Lehr's Scope of Employment Certification. The Opposition will set forth specifically the act or acts from the Second Amended Complaint that Plaintiff alleges Lehr committed outside the scope of her employment. Plaintiff will include citation to the Second Amended Complaint in support of every act identified. Plaintiff must also provide all evidence that the alleged act, or acts, occurred and that the alleged act, or acts, occurred outside the scope of employment. To the extent Plaintiff seeks discovery as to any act or acts, Plaintiff must specifically identify which act or acts Plaintiff seeks discovery on, the basis for seeking that discovery, and what discovery Plaintiff is seeking. Plaintiff may include legal arguments supporting his

|  |  |
|---|---|
|  | contention that any act or acts identified are outside the scope of employment and/or that discovery is warranted. Plaintiff, however, shall not include, or reference, any acts that are not specifically pled in the Second Amended Complaint and shall not include any legal arguments that are not directly related to the specific acts identified from the Second Amended Complaint in his Opposition. To the extent there are any additional issues Plaintiff wishes to raise with the Court, Plaintiff must include those in a separate filing. |
| April 3, 2026[12] | Defendant will file a Response to Plaintiff's Opposition. In the Response, Defendant will identify each act identified by Plaintiff in the Opposition that Defendant maintains Plaintiff has failed to carry his burden of overcoming the prima facie evidence of the certification and the legal arguments as to why the certification should be affirmed on its face without discovery, or in the alternative, what limited discovery should be permitted for each specific act. |

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

**Anthony Erickson-Pogorzelski**
ANTHONY ERICKSON-POGORZELSKI
ASSISTANT U.S. ATTORNEY
99 N.E. 4th Street, 3rd Floor
Miami, Florida 33132
Tel: (305) 961-9296
Fla. Bar 619884
Email: anthony.pogorzelski@usdoj.gov

**Certificate of Service**

The undersigned certifies that this Notice was sent to the pro se Plaintiff via email and U.S. Mail on February 27, 2026:

Jonathan Mullane
30 Donnell Street
Cambridge, MA 02138
Peter@3mlaw.com

**Anthony Erickson-Pogorzelski**

---

[12] Or two weeks after Plaintiff files his Opposition if the Opposition is filed after March 20, 2026, and accepted by the Court.