UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-CV-21339-BURKE

**JONATHAN MULLANE**,

    Plaintiff,

vs.

**UNITED STATES OF AMERICA**,

    Defendant.

_____/

### UNITED STATES OF AMERICA'S RESPONSE TO PLAINTIFF'S NOTICE TO THE COURT REGARDING THE FILING OF AN AMENDED COMPLAINT AND MOTION FOR CLARIFICATION

Defendant, the United States of America, by and through the undersigned Assistant United States Attorney, responds in opposition to Plaintiff's Notice to the Court Regarding the Filing of an Amended Complaint and Motion for Clarification [DE 127] (Motion), and in support thereof, states the following.

In the Motion, Plaintiff requests five forms of relief: (1) a stay of this action until Plaintiff's father, Peter Mullane, to whom Plaintiff refers to as "Attorney Mullane," can administratively exhaust tort claims Plaintiff alleges Peter Mullane has initiated against the United States pursuant to the Federal Tort Claims Act (FTCA); (2) a ruling on a the pending motion for appointment of counsel; (3) "hold an evidentiary hearing vis-à-vis the issue of sanctions against Defendant United States;" (4) more time to file an amended complaint, which Plaintiff attempts to measure against an order for sanctions; and (5) clarification on how the Court wants Plaintiff to proceed on filing an amended complaint or amended complaints. Motion p.7-8.  On February 27, 2026, the Court denied the motion for appointment of counsel [DE 134].  The remaining requests for relief should be denied for the reasons set forth below.

Plaintiff has not filed a motion for leave to file an amended the complaint,[1] which is required before Plaintiff is permitted to file a third amended complaint or obtain any relief related to an amended complaint—i.e., more time to file the third amended complaint—nor has Plaintiff filed a motion for sanctions,[2] which would be required before the Court should consider holding an evidentiary hearing or issuing an order on sanctions. Accordingly, requests for relief 3-5, which all relate to sanctions or an amended complaint, are not properly before the Court and should be summarily denied.

That leaves Plaintiff's motion for a stay of this case pending the administrative exhaustion of Peter Mullane's alleged FTCA claims. Plaintiff argues this case should be stayed pending the administrative exhaustion of Peter Mullane's FTCA claims because "Eleventh Circuit precedents hold that cases and claims which involve the same underlying 'common nucleus of facts' must all be filed and litigated within one single lawsuit." Motion p.2. Plaintiff, however, fails to identify what Eleventh Circuit precedent he is referring to or what claims Peter Mullane purports to bring, much less how Peter Mullane's purported FTCA claims are in privy and involve the same underlying common nucleus of facts as Plaintiff's claim. Plaintiff fails to establish the need for a stay of this case.

Moreover, this case was remanded by the Eleventh Circuit for the narrow purpose of determining whether the certification of former AUSA Alison Lehr's scope of employment was

---

[1] Pursuant to Local Rule 15.1, Plaintiff must attach a copy of the proposed third amended complaint to a motion for leave to file an amended complaint. No such proposed third amended complaint has been filed.

[2] To the extent Plaintiff indented for the Motion to be a motion for sanctions, that motion should be denied. Plaintiff appears to be attempting to seek sanctions for "spoliation." Motion p.6-7. Plaintiff's spoliation argument, however, appears to be tied to his allegation that documents related to his civil action were seized through a search warrant issued in his criminal prosecution. To the extent Plaintiff is alleging the search warrant was too broad or improperly executed, his only relief is through the court that issued the warrant, not here in his civil action.

proper in light of Plaintiff's allegations that Lehr sent the media copies of a transcript from a hearing held on April 10, 2018 in Plaintiff's personal civil suit, *Mullane v. Barclays Bank Delaware, Inc.*, 18cv20596 (S.D. Fla.). *Mullane v. Moreno*, No. 21-13468, 2025 WL 1386666, at *1 (11th Cir. May 14, 2025). It is difficult to imagine how Peter Mullane could have any tort claims that would be in privy with, and share a common nucleus of facts with, Plaintiff's claim that he was defamed when Lehr allegedly sent the media a copy of the hearing transcript. The motion to stay should be denied.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

**Anthony Erickson-Pogorzelski**
ANTHONY ERICKSON-POGORZELSKI
ASSISTANT U.S. ATTORNEY
99 N.E. 4th Street, 3rd Floor
Miami, Florida 33132
Tel: (305) 961-9296
Fla. Bar 619884
Email: anthony.pogorzelski@usdoj.gov

**Certificate of Service**

The undersigned certifies that this Response was sent to the *pro se* Plaintiff via email and U.S. Mail on February 27, 2026:

Jonathan Mullane
30 Donnell Street
Cambridge, MA 02138
Peter@3mlaw.com

**Anthony Erickson-Pogorzelski**