# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:20-cv-21339-LB

| | |
|---|---|
| **JONATHAN MULLANE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **FEDERICO A. MORENO,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Before the Court is Plaintiff Jonathan Mullane's Notice to the Court Regarding the Filing of an Amended Complaint and Motion for Clarification. (Doc. 128). Mullane moves the Court for five forms of relief: (1) a stay of these proceedings until his father, E. Peter Mullane, has administratively exhausted his alleged tort claims against the United States under the Federal Tort Claims Act; (2) a ruling on his motion for the appointment of counsel (Doc. 117); (3) an evidentiary hearing on the issue of sanctions against the United States; (4) thirty days after a ruling on the matter of sanctions against the United States to file an amended complaint; and (5) clarification on whether the Court wishes him to (i) file one amended complaint now and an additional amended complaint when his father's alleged FTCA claims become ripe, or (ii) file his amended complaint only when his

father's alleged FTCA claims become ripe. For the following reasons, Mullane's Motion for Clarification (doc. 128) is **DENIED**.

The first thing Mullane asks for is a stay of these proceedings until his father has administratively exhausted his alleged FTCA claims, because he would like to amend his complaint later to join those claims against the Government with his own. (Doc. 128 at 2–3). Mullane contends that "numerous binding Eleventh Circuit precedents hold that cases and claims which involve the same underlying 'common nucleus of facts' must all be filed and litigated together within one single lawsuit." *Id.* at 2. What those cases might be, however, and how his father's claims might "involve the same underlying 'common nucleus of facts,'" he doesn't say. Nor does the Court see why a stay would be appropriate.

The Eleventh Circuit remanded this case for the narrow purpose of testing the propriety of former AUSA Alison Lehr's *Westfall* certification. (Doc. 112 at 25). That's it. As the Government notes, it is difficult to imagine how Mullane's father could have any tort claims that "share a common nucleus of facts" with Mullane's own claims against Lehr. Mullane has therefore not shown that a stay is warranted.

Second, Mullane asks the Court to grant his motion for the appointment of counsel (doc. 117). This motion, however, has since been denied. (Doc. 134).

Third, Mullane asks the Court to "hold an evidentiary hearing vis-à-vis the issue of sanctions against Defendant United States." (Doc 128 at 7). But Mullane

has not moved for sanctions against the Government, and so any hearing on the issue of sanctions would be premature.

Fourth, Mullane asks for thirty days after a ruling on sanctions "to file an amended complaint, if necessary." *Id.* at 7–8. Similarly, and fifth, Mullane asks the Court to

> clarify whether the Court wishes for Plaintiff to (i) file an amended complaint at this particular juncture, and to also file *yet another* amended complaint once again in six months' time which will additionally incorporate Attorney Mullane's FTCA claims, or alternatively (ii) if the Court prefers that Plaintiff wait to seek amendment until Attorney Mullane's claims are ripe in six months' time, which would be Plaintiff's preference.

*Id.* at 8. Once more, there is no live issue for the Court to decide because Mullane has not moved for sanctions against the Government or leave to amend his complaint. Nevertheless, the Court will construe Mullane's request as a motion for leave to amend his complaint to add his father's FTCA claims.

Rule 15(a)(2) of the Federal Rules of Civil Procedure encourages district courts to "freely" grant plaintiffs leave to amend their pleadings "when justice so requires." But leave to amend is "not an automatic right," *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008), and courts may deny leave to amend "on numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Maynard v. Bd. of Regents of Div. of Universities of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (cleaned up).

3

To let Mullane amend his pleadings by joining his father and adding his FTCA claims—whatever they might entail—would unduly prejudice the Government. After six years of litigation, Mullane's sprawling lawsuit has been winnowed from nineteen claims against four defendants to a single claim on a narrow issue of one defendant's *Westfall* certification. Mullane's father's FTCA claims would fundamentally change the nature and scope of this lawsuit to the great detriment of the Government. What's more, neither Mullane nor his father would themselves suffer prejudice from denying leave to amend, because Mullane's father is free to file his own lawsuit whenever his claims should ripen.

Mullane's Motion for Clarification (doc. 128) is therefore **DENIED**.

**DONE** and **ORDERED** this March 3, 2026.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE