**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CV-21339-BURKE**

JONATHAN MULLANE,

     Plaintiff,

vs.

UNITED STATES OF AMERICA,

     Defendant.

_____/

**UNITED STATES OF AMERICA'S RESPONSE**
**TO PLAINTIFF JONATHAN MULLANE'S OPPOSITION TO**
**DEFENDANT LEHR'S SCOPE-OF-EMPLOYMENT CERTIFICATION**

Defendant, the United States of America, by and through the undersigned Assistant United States Attorney and pursuant to the Scheduling Order [DE 133], responds to Plaintiff Jonathan Mullane's Opposition to Defendant Lehr's Scope-of-Employment Certification [DE 139] (Plaintiff's Opposition), and in support thereof states the following.

This matter is before this Court on remand from the Eleventh Circuit on the narrow issue of Plaintiff's challenge to the Certification of Scope of Employment [DE 56-2] and only as to former Assistant United States Attorney (AUSA) Alison Fryd (nee Lehr)[1]. *Mullane v. Moreno*, No. 21-13468, 2025 WL 1386666, at *9 (11th Cir. May 14, 2025). On October 9, 2020, the United States Attorney for the Southern District of Florida certified Lehr's scope of employment. Defendants' Motion to Dismiss Second Amended Complaint, Exhibit B Certification of Scope of Employment [DE 56-2]. In both Plaintiff's [Proposed] Verified Second Amended Complaint [DE 45] (Second Amended Complaint), which is the operative complaint, and Plaintiff's

---

[1] Alison Fryd (nee Lehr) is referred to both as Lehr and Fryd in this Response and throughout this case.

Opposition, Plaintiff argues that this Court should reverse the Certification for Lehr because Plaintiff alleges that Lehr sent the press a copy of an April 10, 2018, hearing transcript from Plaintiff's personal civil suit, *Mullane v. Barclays Bank Delaware, Inc.*, 18cv20596 (S.D. Fla.). *See, e.g.*, Second Amended Complaint ¶¶76, 80; Plaintiff's Opposition p.4-5.   Plaintiff argues that this speculative allegation is sufficient to overcome the *prima facie* evidence of scope of employment created by the Certification sufficient to warrant discovery and a factual finding from this Court.

For the reasons explained below, the United States disagrees.   The United States maintains that this Court should adopt the standard established by the Fourth Circuit Court of Appeals in *Gutierrez de Martinez v. Drug Enforcement Administration*, 111 F.3d 1148 (4th Cir. 1997), and under that standard, this Court should affirm the Certification based upon the record now before the Court.   In the alternative, should the Court adopt a more lenient standard of review, the United States maintains that the Court should hold an evidentiary hearing to determine whether Lehr sent the press a copy of the transcript, and that the only witnesses that should be called to testify at that hearing should be Lehr and Plaintiff.   If, however, the Court is inclined to permit discovery, the only discovery that should be permitted is the depositions of Lehr and Plaintiff.

## FACTUAL BACKGROUND

"In early 2018, [Plaintiff] … interned at the U.S. Attorney's Office (USAO) for the Southern District of Florida."   *Mullane*, 2025 WL 1386666, at *2; Declaration of Alison Fryd ¶4 (attached as Exhibit 1).   At the same time, Plaintiff had a personal civil suit pending before Judge Moreno in the District Court for Southern District of Florida.   *Mullane v. Barclays Bank Delaware, Inc.*, 18cv20596 (S.D. Fla.).   On April 10, 2018, Judge Moreno held a hearing in Plaintiff's personal civil suit.   Second Amended Complaint, Exhibit D, April 10, 2018, Hearing

Transcript, p.58-86 of 109.  Plaintiff requested a copy of the hearing transcript.  Plaintiff's Opposition p.4.

On April 16, 2018, *Law360* published an article entitled, "Judge Recuses Self, Scolds Law Student-Plaintiff."  A copy of the April 16, 2018, *Law360* article, "Judge Recuses Self, Scolds Law Student-Plaintiff," is attached as Exhibit 2.  Carolina Bolado is the author of the article.  The article discusses the April 10, 2018, hearing and includes quotes from the hearing. It also includes a quote from Plaintiff after the hearing, establishing that Plaintiff was communicating with Bolado, or someone at *Law360*, after the hearing.  Bolado did not have any direct communication with Lehr and did not receive any documents from her.  Declaration of Carolina Bolado ¶3 (attached as Exhibit 3).

On the next day, April 17, 2018, Plaintiff sent Lehr an email entitled "Hearing transcript."  Second Amended Complaint, Exhibit I p.101 of 109.  A copy of the April 10, 2018, hearing transcript was sent as an attachment to the email.  *Id*.; Fryd Dec. ¶7.  This was the first time Lehr received a copy of the transcript.  Fryd Dec. ¶8.

That same day, April 17, 2018, a copy of the transcript was uploaded as a docket entry in Plaintiff's personal civil suit.  *Barclays Bank Delaware, Inc.*, 18cv20596 (S.D. Fla.) [DE 47].

On April 30, 2018, *Above the Law* published an article entitled, "Judge Detonates Pro Se Law Student So Hard I Now Must Defend a Dumb Kid."  A copy of the April 30, 2018, *Above the Law* article, "Judge Detonates Pro Se Law Student So Hard I Now Must Defend a Dumb Kid," is attached as Exhibit 4.  Elie Mystal is the author of the article.[2]  The article discusses the April 10, 2018, hearing.

On August 8, 2020, *Universal Hub* published an article entitled, "In pursuit of law license, Cambridge man files suits against federal judge, former US attorney, Massachusetts

[2] Mystal is no longer with *Above the Law*.

Board of Bar Examiners and two Web sites." A copy of the August 8, 2020, *Universal Hub* article, "In pursuit of law license, Cambridge man files suits against federal judge, former US attorney, Massachusetts Board of Bar Examiners and two Web sites," is attached as Exhibit 5. Adam Gaffin is the author of the article. Declaration of Adam Gaffin ¶2 (attached as Exhibit 6). The article discusses the April 10, 2018, hearing. Prior to publishing the article, Gaffin did not have any direct communication with Lehr and did not receive any documents from her. *Id*. ¶3.

## ANALYSIS

In *Osborn v. Haley*, 549 U.S. 225 (2007) the Supreme Court held "that Westfall Act certification is proper when a federal officer charged with misconduct asserts, and the Government determines, that the incident or episode in suit never occurred." *Id*. at 247. As the Supreme Court explained, "given *the purpose of the Westfall Act to shield covered employees not only from liability but from suit*, … it would make scant sense to read the Act as leaving an employee charged with an intentional tort to fend for himself when he denies wrongdoing and asserts he engaged only in proper behavior occurring wholly within the scope of his office or employment." *Id*. at 248 (emphasis added).

This is precisely what has occurred here. Lehr denies ever sending a copy of the transcript to the press. Fryd Dec. ¶9. Given Lehr's statement (now updated under penalty of perjury), Plaintiff's deficient pleadings and implausible allegations (explained below), and the lack of any contradictory evidence, the United States certified Lehr's scope of employment, including certifying that she did not engage in the conduct alleged that would have removed her from her scope of employment (i.e., sending a copy of the transcript to the press). This Court must now determine what standard to adopt to resolve this dispute and whether discovery or an evidentiary hearing is appropriate.

### I.   The Certification is Formally in Order.

As a preliminary matter Plaintiff's argument that the Certification in this Case "is impermissibly terse, and thus defective as a matter of law," Plaintiff's Opposition p.15 n.6, is unavailing.  Plaintiff takes issue with the fact that the Certification does not set forth the reason for the certification.  *Id*. p.2 ("Nor does the certification set forth any legal or factual basis whatsoever"), p.15 n.6 ("it does not even state the reason(s) why …, or the underlying basis").  *Osborn*, however, establishes that a Westfall Act certification need not state the reasons for the determination and that the Certification in this case is formally in order.

In *Osborn*, the Supreme Court addressed a Westfall Act certification strikingly similar to the one in this Case.  The certification at issue in *Osborn* reads as follows:

> I, Monica Wheatley, Acting United States Attorney, Western District of Kentucky, acting pursuant to the provisions of 28 U.S.C. § 2679(d)(2), and by virtue of the authority vested in me by the Appendix to 28 C.F.R. § 15.3 (1990), hereby certify that the Office of the United States Attorney has reviewed the available facts in this matter. On the basis of the information now available to me with respect to the allegations in the complaint, I find that the named federal defendant, Barry Haley, was acting within the scope of his employment with the U.S. Forest Service, at the time of the conduct alleged in the complaint.

*Osborn*, 549 U.S. at 233 n.2.  The Certification in this case reads as follows:

> I, Ariana Fajardo Orshan, United States Attorney, Southern District of Florida, pursuant to the provisions of 28 U.S.C. § 2679(d)(1), and by virtue of the authority vested in me by the Attorney General under 28 C.F.R. § 15.4, hereby certify that I have read the Plaintiff's Verified Second Amended Complaint filed in this action. On the basis of the information now available with respect to the allegations contained in the second amended complaint, I certify that defendants Benjamin G. Greenberg; Alison W. Lehr, and Lisa T. Roberts, were acting within the scope of their employment as employees of the United States at the time of the incidents alleged in the second amended complaint.

Certificate of Scope of Employment [DE 56-2].

In *Osborn*, the Supreme Court noted that "[a]s is customary, the certification stated no reasons for the determination."  *Osborn*, 549 U.S. at 233.  The Supreme Court went on to

conclude that the certification in Osborn, which stated no reasons for the determination, was, nonetheless, "formally in order" because "it closely tracks the language of the Westfall Act." *Id*. at 245. Accordingly, so too here, the Certification is formally in order, and Plaintiff's attack upon the sufficiency of the Certification is unavailing.

## II. There Is No Controlling Standard, and There Is a Split in the Circuits.

Turning to the salient issue here, the Court must establish which standard to employ when evaluating Plaintiff's Westfall Act certification challenge. While the Eleventh Circuit remanded the case as to Lehr's Westfall Act certification and with the specific instruction to "decide, in the first instance, whether the relevant acts alleged by Mullane," i.e., that Lehr sent a copy of the transcript to the press, "did *in fact* occur," the Eleventh Circuit did not set forth the standard the Court should use in resolving this dispute, much less whether discovery or an evidentiary hearing is necessary for the resolution. *Mullane*, 2025 WL 1386666at *9 (emphasis in original). Rather, the Eleventh Circuit made clear that it "has not yet established a standard for deciding whether a plaintiff is entitled to discovery to challenge such a certification." *Id*. at *9 n.5 (citing *Omnipol, A.S. v. Multinational Def. Servs., LLC*, 32 F.4th 1298, 1310 (11th Cir. 2022) (Jordan, J., concurring)). Moreover, the Eleventh Circuit expressly stated that this Court "may have occasion to consider *whether* and to what extent discovery should be allowed related to the Westfall Act certification of Lehr." *Id*. (emphasis added). Accordingly, this Court must now decide, in the first instance, what standard to employ and whether discovery is appropriate, given the record in this case, under that standard.

While the Eleventh Circuit has not yet established a controlling standard in a Westfall Act certification challenge, it did provide the following guidance. A certification of scope of employment under the Westfall Act "serves as *prima facie* evidence that the conduct at issue occurred within the scope of employment, *Omnipol*, 32 F.4th at 1305, and the burden of proving

6

that an employee acted outside the scope of employment is on the plaintiff." *Id*. at *1.  "If discovery is permitted, it should be limited in scope." *Id*. at *9 n.5.

Several other circuit courts have addressed what standard to employe in a Westfall Act certification challenge, as Judge Jordan observed in his concurring opinion in *Omnipol*, they "have arguably taken different approaches." *Omnipol*, 32 F.4th at 1310 (Jordan J., concurring). In *Gutierrez*, the Fourth Circuit set forth a standard that places a *burden of production* upon a plaintiff to overcome the *prima facie* evidence of the certification.  111 F.3d at 1153 ("When the certification is challenged, it serves as prima facie evidence and shifts the burden to the plaintiff to prove, by a preponderance of the evidence, that the defendant federal employee was acting outside the scope of his employment.").  As the Fourth Circuit explained, "the district court may allow (in its discretion) limited discovery or conduct an evidentiary hearing, *but should not do so if the certification, the pleadings, the affidavits, and any supporting documentary evidence do not reveal an issue of material fact. It is for the district court to assess the sufficiency of the evidence produced by the plaintiffs." *Id*. at 1155 (emphasis added).

> If the plaintiff does not come forward with any evidence, the certification is conclusive. Moreover, the *plaintiff's submission must be specific evidence or the forecast of specific evidence* that contradicts the Attorney General's certification decision, *not mere conclusory allegations and speculation*. If the plaintiff's evidence is sufficient to carry the burden of proof, the defendant federal employee or the Government may come forward with evidence in support of the certification. At this point, the district court may permit (and limit) any needed discovery.  Thereafter, the district court must determine whether there are any genuine issues of fact material to the scope-of-employment decision, and, if so, it may conduct an evidentiary hearing to resolve these factual issues.

*Id*. (emphasis added).  At least one court in this District has adopted the standard set forth by the Fourth Circuit.  *Castellanos v. Pfizer, Inc.*, 555 F. Supp. 2d 1343, 1347–48 (S.D. Fla. 2008) (concluding "Plaintiffs must submit specific evidence or the forecast of specific evidence that contradicts the Certification. Otherwise, there is no need to burden the federal employees with

discovery or an evidentiary hearing regarding the scope of employment." (internal citations and quotation marks omitted)).

The D.C. Circuit and the Third Circuit, on the other hand, adopted the same standard courts employ when evaluating a motion to dismiss under Rule 12(b)(6). *Jacobs v. Vrobel*, 724 F.3d 217, 220-21 (D.C. Cir. 2013); *Stokes v. Cross*, 327 F.3d 1210, 1215 (D.C. Cir. 2003); *Melo v. Hafer*, 13 F.3d 736, 747 (3d Cir. 1994). Under this more lenient standard, to meet the burden of overcoming the presumption afforded to the Westfall Act certification "the plaintiff need only plead facts that, taken as true, would establish that the defendants' actions exceeded the scope of their employment." *Omnipol*, 32 F.4th at 1310 (Jordan J., concurring) (citing *Stokes*, 327 F.3d at 1215). If the plaintiff satisfies this lesser burden, the court may permit discovery and/or hold an evidentiary hearing to resolve the resulting dispute. *See, e.g., Melo*, 13 F.3d at 747 ("after discovery [the parties] are entitled to an evidentiary hearing" where "the district court will resolve all issues of fact and law relevant to that issue and will find that the defendant did or did not act within the scope of his or her employment.").

In this case, Plaintiff advocates for the Rule 12(b)(6) standard adopted by the D.C. Circuit and the Third Circuit. Plaintiff's Opposition p.7 ("for the purposes of the instant motion challenging Westfall Act certification, this Court must apply the same standard as for Rule 12 motions to dismiss"). Plaintiff argues he has met this standard because he "plausibly alleges that Lehr defamed and smeared Plaintiff by leaking the April 10, 2018, hearing transcript to national media outlets." Plaintiff's Opposition p.4. Plaintiff seeks extensive discovery under this standard. Plaintiff's Opposition p.17-18 (seeking discovery from over 10 individuals and entities).

The United States, on the other hand, advocates for the adoption of the Fourth Circuit's standard. This standard more appropriately aligns with the purpose of the Westfall Act—to

shield covered employees not only from liability but also from the burdens of litigation—and with the fact that the certification serves as *prima facie* evidence that the federal employee was acting within the scope of employment.  As explained below, under this standard, Plaintiff's challenge fails, and there is no need for discovery or an evidentiary hearing.

To the extent the Court adopts the Rule 12(b)(6) standard, and thereunder finds that Plaintiff's speculative allegations are sufficient to create a genuine issue of fact as to whether Lehr sent the transcript to the press, the Court should hold a limited evidentiary hearing and make specific findings of fact.  To the extent the Court is inclined to allow discovery, the discovery should be limited as set forth below.

### III. Plaintiff Failed to Produce any Specific Evidence, or the Forecast of Specific Evidence, Sufficient to Warrant the Reversal of the Certification or even Discovery.

The Scheduling Order required Plaintiff to both "set forth specifically the act or acts from the Second Amended Complaint that Plaintiff alleges Lehr committed outside the scope of her employment" and "provide all evidence that the alleged act, or acts, occurred."  Schedule Order p.2.  In response, the only act Plaintiff identifies from the Second Amended Complaint is Plaintiff's allegation that "Lehr transmitted, or deliberately caused to be transmitted, … a copy of the non-public transcript" to the press.  Plaintiff's Opposition p.5 (quoting Second Amended Complaint ¶¶76, 80).  Plaintiff provided no evidence in support of this speculative allegation.  Rather, Plaintiff makes a deductive reasoning argument in support of his position.  Plaintiff's deductive reasoning argument, however, is premised upon erroneous and unsupported facts and is, therefore, fatally flawed.

In both the Second Amended Complaint and Plaintiff's Opposition, Plaintiff argues that the transcript was not available to the public.  *See, e.g.*, Second Amended Complaint ¶76 (referring to the transcript as a "non-public transcript"); Plaintiff's Opposition p.4 (alleging that,

at the time the press published articles relying upon the transcript, Plaintiff had ordered a copy of the transcript, "[n]o one else had ordered it, [and] the hearing transcript was not electronically available on PACER at the time"). Relying upon the erroneous notion that the transcript was not publicly available, Plaintiff argues that there must have been a "media leak" that allowed the media to gain access to the transcript. Plaintiff's Opposition p.10-13.[3] Plaintiff also alleges that he ordered a copy of the transcript, "[n]o one else had ordered it," and he gave Lehr a copy of the transcript. Plaintiff's Opposition p.4. Accordingly, Plaintiff implies the following deductive reasoning argument: since the transcript was not publicly available before the articles were published, and only Plaintiff and Lehr had a copy, Lehr must have transmitted, or caused to be transmitted, a copy of the transcript to the press before the articles were published.

Plaintiff's deductive reasoning argument is fundamentally flawed because the hearing transcript is, and always has been, publicly available. "The general rule is that the record of a judicial proceeding is public." *Jessup v. Luther*, 277 F.3d 926, 927–28 (7th Cir. 2002) (citing *Press–Enterprise Co. v. Superior Court*, 464 U.S. 501, 509–10, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984). There is no indication that the April 10, 2018, hearing transcript was sealed or otherwise excluded from the public. Anyone could have ordered the transcript (albeit for a fee). The instructions for "Ordering Non-Appeal Court Transcripts" is available on the District Court's website at: https://www.flsd.uscourts.gov/ordering-non-appeal-court-transcripts. There is no factual basis for Plaintiff's assertion that the transcript was non-public and therefore Lehr must have "leaked" it to the press.

Moreover, Plaintiff's deductive reasoning argument fails because the first article was published before Lehr received a copy of the transcript. The first article published relying on the

---

[3] A media leak requires confidential, private, or classified information. Publicly available information cannot be leaked to the media. It is already available to the public, including the media.

transcript was published on April 16, 2018.  Exhibit 2, April 16, 2018, *Law360*.  Exhibit I to the

Second Amended Complaint is an email dated April 17, 2018, which establishes that Plaintiff did

not send Lehr a copy of the transcript until April 17, 2018.  Second Amended Complaint, Exhibit

I p.101 of 109; Fryd Dec. ¶7.  Accordingly, even under Plaintiff's version of the facts, Lehr

could not have sent a copy of the transcript to the press before the press published the April 16,

2018 article.  And while there were articles published after April 17, 2018, in addition to the

transcript being available for order before that date, on that date, the transcript was uploaded

onto the docket in Plaintiff's civil case.  *Barclays Bank Delaware, Inc.*, 18cv20596 (S.D. Fla.)

[DE 47].  Plaintiff's deductive reasoning argument fails.

In addition, Plaintiff had 8 years to obtain any evidence in support of his speculation that

Lehr transmitted, or caused to be transmitted, a copy of the transcript to the press.  During this

time, he engaged in extensive requests for information under the Freedom of Information Act

(FOIA).  The only evidence Plaintiff put forth from these extensive efforts was a Vaughn Index

from one of his FOIA litigation cases, Case No. 19cv12379, in the District of Massachusetts.

Second Amended Complaint, Exhibit H p.99 of 109.  In the Second Amended Complaint,

Plaintiff alleges that this Vaughn Index supports his allegation that Lehr was able to transmit the

transcript to the press "while evading detection by her employer by forwarding the hearing

transcript … to her personal email address."  Second Amended Complaint ¶77.[4]  While the one

page from the Vaughn Index Plaintiff attaches to the Second Amended Complaint as Exhibit H

does state that there was an "[e]mail forwarded from AUSA Alison Lehr's USAO email address

to her personal email address," the second page, which Plaintiff omits, makes clear that what

---

[4] In its opinion, the Eleventh Circuit relies, in part, upon "Mullane's allegation that Lehr forwarded the [transcript] from a personal email address" in concluding "at this preliminary state, that [Lehr's] purported conduct occurred outside the time and space limits authorized by her employer." *Mullane*, 2025 WL 1386666, at *6.

Lehr sent to her personal email address was the "79-page Plaintiff's Verified First Amended Complaint and Demand for Trial by Jury," which Plaintiff filed in Case No. 18cv12618 in the District of Massachusetts. A copy of the two relevant pages of the Vaughn Index is attached as Exhibit 7.[5]

During the past 8 years Plaintiff was also free to contact the press and the court reporter that transcribed the transcript in his personal civil suit to see if there was any support for his speculation that Lehr transmitted, or caused to be transmitted, a copy of the transcript. Plaintiff has not produced any evidence from any of the press or the court reporter supporting his speculation. Accordingly, Plaintiff has failed to allege, much less establish, any facts that support his speculative allegation that Lehr transmitted, or caused to be transmitted, to the press a copy of the transcript.

### IV. The Court Should Adopt that Standard of Review from *Gutierrez* and Affirm the Certification thereunder.

The United States maintains that the Court should adopt the standard established by the Fourth Circuit in *Gutierrez*, which has already been adopted by one other judge in this District. *Castellanos*, 555 F. Supp. 2d at 1347–48. The standard adopted in *Gutierrez* best addresses the fact that "immunity under the Westfall Act … is an immunity from suit rather than a mere defense to liability." *Gutierrez*, 111 F.3d at 1154 (internal quotation marks and citation omitted). The *Gutierrez* standard imposes a burden of production upon the plaintiff seeking to challenge the certification. The *Gutierrez* standard explicitly holds that plaintiffs cannot satisfy this burden unless they produce specific evidence, or the forecast of specific evidence, that contradicts the certification: "mere conclusory allegations and speculation" will not suffice. *Id*. at 1155. This standard accords with the immunity afforded under the Westfall Act and should be adopted here.

---

[5] Plaintiff also fails to disclose that the email in question was sent by Lehr in February of 2019, well after two of the articles were published.

Moreover, this standard also is in accord with Eleventh Circuit's instruction that the Certification serves as *prima facie* evidence. *Mullane*, 2025 WL 1386666at *1. Accordingly, this Court should adopt the *Guiterrez* standard.

Under the *Gutierrez* standard, Plaintiff is not entitled to any discovery, the certification should be affirmed, and this case closed. Plaintiff has failed to meet the *Gutierrez* standard. Plaintiff has not submitted any evidence, or even the forecast of specific evidence, that contradicts the Certification. As explained above, Plaintiff's entire theory of the case is contingent upon erroneous facts and implausible assumptions. The Certification, the pleadings, all affidavits submitted, and all the supporting documents do not reveal any issue of material fact. Rather, they all support only one conclusion: Lehr did not transmit, or cause to be transmitted, a copy of the hearing transcript to the press. The Certification should be affirmed.

**V. Should the Court Adopt a More Lenient Standard, the Court Should Hold an Evidentiary Hearing.**

Should the Court adopt the Rule 12(b)(6) standard adopted by the D.C. Circuit and the Third Circuit, the United States, nonetheless, maintains that discovery is still unwarranted, and to the extent the Court finds there is a genuine dispute on this record, the Court should hold an evidentiary hearing to resolve the factual dispute. The only possible factual dispute in this matter is whether Lehr transmitted, or caused to be transmitted, a copy of the transcript to the press. Lehr, under the penalty of perjury, has denied this allegation. Fryd Dec. ¶9. Plaintiff, on the other hand, has only his speculative allegation that this fact occurred. As explained above, Plaintiff's deductive reasoning argument fails, and Plaintiff failed to identify any specific evidence, or the forecast of any specific evidence, that would undermine Lehr's sworn statement. Given the narrow scope of this dispute, the time that this case has been pending, and the fact that

the purpose of Westfall Act certification is protect federal employees from the burden of discovery, the United States maintains that discovery is unwarranted in this case.

To the extent the Court finds that Platiniff's speculative allegation is sufficient to create a genuine issue of fact, the Court should hold an evidentiary hearing and make specific factual findings on this question.  Plaintiff is in the best position to attest to his position, and Lehr is the best witness to address how and when she obtained a copy of the transcript and to whom she sent it.  Accordingly, the only witnesses necessary to resolve this dispute, and therefore the only witnesses that should be permitted, are Plaintiff and Lehr.  The scope of questioning at the evidentiary hearing should be limited to how and when Plaintiff and Lehr obtained a copy of the transcript and to whom they sent a copy.

**VI. If the Court Permits Discovery, Discovery Should Be Limited.**

To the extent the Court adopts the standard from the D.C. Circuit and Third Circuit and is inclined to exercise its discretion and permit discovery on this matter, the discovery should be limited in scope.  *Mullane*, 2025 WL 1386666, at *9 n.5.  While Plaintiff asks the Court to permit "limited discovery—narrowly tailored and limited to the defamation claim against Defendant Lehr, as required by the Eleventh Circuit's opinion," Plaintiff's Opposition p.17, Plaintiff's request for discovery is not limited and narrowly tailored.  Plaintiff seeks discovery, including depositions, from over ten (10) persons and entities.  Rule 30 requires a party obtain leave of court to take more than 10 depositions in the course of an entire case, not just in a scope of employment dispute.  Fed. R. Civ. P. 30(a)(2).  Plaintiff's request is presumptively too broad.

Regardless, Plaintiff fails to provide a sufficient basis for the discovery he seeks. Plaintiff seeks discovery from former AUSA Benjamin G. Greenberg and former AUSA Adrienne Rosen.  The only justification Plaintiff gives for this discovery is that both "communicated" or "spoke" with Lehr "about the *Above the Law* article."  Plaintiff's Opposition

p.17-18.   Plaintiff also seeks discovery from "the Executive Office for the United States Attorneys."  It is unclear who Plaintiff is referring to here.  Regardless, it is unwarranted.  Once again Plaintiff seeks this discovery because Plaintiff contends that the Executive Office for the United States Attorneys "communicated directly with Lehr about the *Above the Law* article."  *Id*. p.18.  This is an insufficient basis to warrant discovery here.

In addition, Plaintiff identifies the following non-federal witnesses he seeks discovery from: *Universal Hub*; Adam Gaffin; Portfolio Media, Inc. (*Law360*); Carolina Bolado; Breaking Media (*Above the Law*); Elie Mystal; and PayPal Holdings, Inc.  *Id*. p.17-18.  While the United States defers to the non-federal witnesses on this request, the United States notes that Plaintiff has failed to justify the need for this discovery, and the volume of discovery does not appear warranted in this case.

To the extent discovery is warranted, the United States takes the position that Plaintiff should only be allowed to take the deposition of Lehr, and the United States would take Plaintiff's deposition.  Both depositions should be limited in scope and cover only when and how each party obtained a copy of the April 10, 2018 transcript, and with whom and when each party shared that copy.  If after that discovery, a genuine issue of material fact exists, the Court could schedule this matter for an evidentiary hearing.  That said, as explained above, the United States maintains that the more effective and efficient method for resolving this matter under the more lenient standard is to hold an evidentiary hearing without discovery.

WHEREFORE, for the foregoing reasons, the Unite States asks this Court to follow the procedures adopted by the Fourth Circuit in *Gutierrez* and affirm the Certification based upon the record now before the Court.  In the alternative, should the Court adopt the Rule 12(b)(6) standard adopted by the D.C. Circuit and the Third Circuit, the United States maintains that the Court should hold an evidentiary hearing to determine whether Lehr transmitted, or caused to be

transmitted, a copy of the transcript.  The only witnesses necessary at the hearing would be Lehr

and Plaintiff.  Similarly, should the Court permit discovery, the United States maintains that the

only discovery necessary should be the depositions of Lehr and Plaintiff.

> Respectfully submitted,
>
> JASON A. REDING QUIÑONES
> UNITED STATES ATTORNEY
>
> **Anthony Erickson-Pogorzelski**
> ANTHONY ERICKSON-POGORZELSKI
> ASSISTANT U.S. ATTORNEY
> 99 N.E. 4th Street, 3rd Floor
> Miami, Florida 33132
> Tel: (305) 961-9296
> Fla. Bar 619884
> Email: anthony.pogorzelski@usdoj.gov

**Certificate of Service**

The undersigned certifies that this Response was sent to the *pro se* Plaintiff via email on April 3, 2026 and via U.S. Mail on April 6, 2026 (due to the Easter holiday weekend):

Jonathan Mullane
30 Donnell Street
Cambridge, MA 02138
Peter@3mlaw.com

**Anthony Erickson-Pogorzelski**

16