**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:20-cv-21339-LB**

| | |
|---|---|
| **JONATHAN MULLANE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **FEDERICO A. MORENO**, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## <u>SCHEDULING ORDER</u>

Before the Court are Plaintiff Jonathan Mullane's Opposition to Defendant Lehr's Scope-of-Employment Certification (doc. 139) and the United States of America's Response to Mullane's Opposition (doc. 141). Mullane opposes the *Westfall* Certification of former U.S. Attorney Alison Lehr, also known as Alison Fryd, on the basis that his Second Amended Complaint "plausibly alleges that Lehr defamed and smeared [him] by leaking the April 10, 2018, hearing transcript to national media outlets." (Doc. 139 at 3–4). If true, Mullane argues, such a leak "falls squarely outside the scope of her DOJ employment" under the Eleventh Circuit's opinion. *Id.* at 4–5. Mullane thus urges the Court (1) to follow the D.C. Circuit and the Third Circuit by adopting a motion-to-dismiss standard for his challenge to the Government's scope-of-employment certification, and (2) to permit limited discovery to establish whether Lehr's acts did, in fact, fall outside the scope of her

employment. *Id.* at 7–18. In response, the Government urges the Court to adopt the Fourth Circuit's standard for challenging a scope-of-employment certification and requiring Mullane to "produce specific evidence, or the forecast of specific evidence, that contradicts the certification." (Doc. 141 at 12).

On April 28, 2026, the Court heard argument on the parties' briefs. *See* docs. 142 & 143. Having considered the briefs, the parties' arguments at the hearing, and the governing law, the Court determined that it should adopt the plausibility standard set forth by the D.C. Circuit and the Third Circuit in *Jacobs v. Vrobel*, 724 F.3d 217, 220-21 (D.C. Cir. 2013); *Stokes v. Cross*, 327 F.3d 1210, 1215 (D.C. Cir. 2003); and *Melo v. Hafer*, 13 F.3d 736, 747 (3d Cir. 1994). Moreover, given the Eleventh Circuit's admonition that "[t]he district court may have occasion to consider whether and to what extent discovery should be allowed related to the Westfall Act certification of Lehr," and, if allowed, that the discovery "should be limited in scope," the Court further determined that Mullane should be entitled to propound limited discovery with respect to Lehr's scope-of-employment certification. *Mullane v. Moreno*, No. 21-13468, 2025 WL 1386666, at *9 n.5 (11th Cir. May 14, 2025).

In his opposition, Mullane sought what he called "routine discovery requests" to prove that Lehr was acting outside the scope of her employment. (Doc. 139 at 16–17). Specifically, Mullane asked for "limited discovery—narrowly-tailored and

limited to the defamation claim against Defendant Lehr, as required by the Eleventh Circuit's opinion—in the form of interrogatories, requests for production of documents, requests for admissions, and depositions" to be served on the following persons or entities:

(1) Defendant Alison W. Lehr a/k/a Alison Fryd; (2) *Universal Hub*, a Boston-based website; (3) journalist Adam Gaffin, owner of *Universal Hub*; (4) Portfolio Media, Inc. (*Law360*); (5) *Law360* reporter Carolina Bolado; (6) Breaking Media (*Above the Law*) (7) journalist Elie Mystal, previously employed as the chief editor of *Above the Law* and author of one of the subject news articles; (8) Defendant Benjamin G. Greenberg, who communicated directly with Lehr about the *Above the Law* article and thereupon widely circulated it within the Miami USAO; (9) Paypal Holdings, lnc.,the payment processor used by *Universal Hub* and Gaffin; (10) AUSA Adrienne Rosen, who spoke with Lehr about the *Above the Law* article; and (11) the Executive Office for United States Attorneys, which also communicated directly with Lehr about the *Above the Law* article.

*Id.* at 17–18.

According to Mullane, the purpose of these requests would be to identify the person who had shared the transcript of the April 10, 2018 hearing to various media outlets. As he conceded at the hearing, only a small portion of this discovery is authorized by the Federal Rules of Civil Procedure, because most of the persons and entities concerned are non-parties. After a brief recess and further argument from both parties, Mullane agreed that discovery for his scope-of-employment challenge should be limited to requests for production of documents, electronically stored

information, and tangible things under Rule 34, as limited by Rule 45, directed at three journalists.

Accordingly, the Court **ORDERS** as follows:

1. Mullane may propound requests for production of any record, including emails and attachments to emails, relevant to whether Lehr transmitted or caused to be transmitted a transcript of the April 10, 2018 hearing to Adam Gaffin of *Universal Hub*; Eli Mystal, formerly of *Above the Law*; and Carolina Bolado of *Law360*.

2. As noted at the April 28 hearing, the non-parties from whom Mullane seeks discovery might assert reporters' privilege, and by permitting Mullane to propound discovery the Court makes no finding as to whether such privilege would apply. The Court will make such a determination only if the privilege is raised.

3. The deadline for propounding any such requests is **May 8, 2026**.

4. Mullane may depose former U.S. Attorney Alison Lehr, also known as Alison Fyrd, with the Court's leave and subject to terms to be set by further order.

5. The deadline for seeking the Court's leave to depose Ms. Lehr is **May 29, 2026.**

6. No other discovery will be permitted.

7.      All other deadlines will be set by further order.

**DONE** and **ORDERED** this April 30, 2026.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE